**Laverne STEVENSON, Plaintiff–Appellant,**

v.

**NEW YORK DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

**No. 11–4538.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2012.

Laverne Stevenson, pro se, Uniondale, NY, for Plaintiff–Appellant.

Fay Sue Ng, Lisa Ann Giunta, Assistant Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

Present: ROBERT A. KATZMANN, BARRINGTON D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

Appellant Laverne Stevenson, proceeding *pro se*, appeals from the district court's dismissal of her Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 ("ADA"), complaint as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Upon such review, we conclude that Stevenson's appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned order. In order to be timely, an ADA claim must be filed "within 90 days of the claimant's receipt of a right-to-sue letter from the [Equal Employment Opportunity Commission]." *See Tiberio v. Allergy Asthma Immunology of Rochester,* 664 F.3d 35, 37 (2d Cir.2011) (per curiam). Stevenson has not shown that she timely filed the instant suit. Nor has Stevenson demonstrated the

existence of "rare and exceptional circumstances" that justify the equitable tolling of the 90–day deadline. *Zerilli–Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003). We have considered all of Stevenson's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.